NO. 01-14-00822-CR
IN The Court of Appeals For
The First District of Texas

1413-15

To; Court of Criminal Appeal

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 12 2016

Abel Acosta, Clerk

ORIGINAL

Weylin Wayne Alford
Appellant

V.

The State of Texas
Appellee

On Appeal from Cause Number 1404673
IN the 177th Judicial District Court of Harris County, Texas

Petition For Discretionary Review for Appellant

FILED IN
COURT OF CRIMINAL APPEALS

MAY 13 2016

Abel Acosta, Clerk

By: Weylin W. Alford (Pro se/Appellant)
In Custody: Connally Unit 899 FM 632 Kenedy
Texas, 78119 (TDCJ) SPN. 01980499
Appellant; Weylin W. Alford, Connally Unit 899 FM 632 Kenedy
Texas, 78119

Defense Counsel /Pro se/Standby Counsel; Pro se Intrial, Weylin W. Alf-
ord; Standby Counsel Juan Aguirre Punishment Faze.....
Prosecutor at trial; Matthew Gilliam Ass. District Attorney; Alan Curry Ass. Distr-
ct Attorney: Harris County, Texas 1201 Franklin St. Houston, Texas, 77002
Presiding Judge; The Honorable Ryan Patrick 177th District Court 1201 Fran

# Tables of Contents

Identity of Parties and Counsel .......................................... Front Cover

Table of Contents ........................................ Pg I.

Index of Authorites .......................................... Pg II.

Statements of the Cases ........................................ Pg. 1

Statement of Procedural History/Facts ........................ Pg 2

#1 Argument/Grounds #1 ........................................ Pg. 4-8

#2 Argument/Grounds #2 ........................................ Pg. 9-13

Sole Issue #1: The Trial Court Abused it Discretion in denying the Appellant's timely and unequivocal request to Represent himself; because of Fear of potential Disruption or Security Concerns; that is not a Recognized basis For the Denial of this Constitutional Right ...... Pg. 4

Sole Issue #2: "Insufficient Evidence; The State's Attorney Abused it discretion in not allowing in a timely Fashion the supresion of all witness/Exculpatory Evidence who alledged to be at both scene of the crime and Arresting location Due to non production of Dispatch call; (Carmea; at Arresting location; Dollar General; 10092 Veterans Memorial) Non-testing of blood sample found at scene of crime [View; All Exhibits] only photos; which also; lack of police report which would have provied change of current events (inside the Crime) itself From the time of Break in of Entry to Arresting location; (The who's; where's; what's; when's; time's; Date's [Time line] which lead to false itied indictment pursuanting Texas Statutes and Codes of Annotes sec. 30.2 (Burglary Habition) wrong/Homeowner; which the Record Reflects throughout the (who) cross exmaine of witness/Exhibits; Even in punishment Faze pursuanting Texas Rule of Criminal Evidence Rule 401 (Relevant Evidence) and Rule 403(b) ........................................ Pg. 9

"Extra other sheets included"

Police Report ........................................ Pg. III

Appendix "A" ........................................ Pg. III - V

Harris County Criminal District Docket sheet ........ Pg. VI - VII

I.

# INDEX OF AUTHORITIES

"STATE CASES"

ALCORTA V. TEXAS, 355 U.S. 28 (1957).......... pg.

Alford V. STATE, 367 S.W. 3d 855 (Tex. App. Houston [14th B. St.], pet. Ref'd).......... pg. 6

Alford V. STATE, 367 S.W. 3d At 857-862.......... pg 7/5

BlANKENSHIP, 673 S.W. 2d At 885.......... pg. 5/7

BRADY V. MARYLAND, 373 U.S. 83.......... pg 9

BRADY V. MARYLAND, 373 U.S..........pg 9

Chadwick V. STATE, 309 S.W. 3d 558 (Tex. Crim. App. 2010).......... pg. 4

Collier V. STATE, 959 S.W. 2d 621-625-26 (Tex. Crim. App. 1997).......... pg. 5

FARETTA, 422 U.S. At 835.......... pg. 4-5/3

FARETTA, V. California, 422 U.S. 806, 819 (1975).......... pg. 4-5

Jacobs V. STATE, 294 S.W. 3d 192, 196 (Tex. App. TexarKana 2009, pet. Ref'd).......... pg. 7

Johnson V. STATE, 760 S.W. 2d 277, 278 (Tex. Crim. App. 1988)..........

Martin V. STATE, 630 S.W. 2d 952, 954 (Tex. Crim. App. 1982).......... pg. 7

McKASKLE V. Wiggins, 465 U.S. 168, 177 N. 8 (1984).......... pg. 4

Mooney V. Holohan, 294 U.S. 103 (1935).......... pg 13

Montgomery V. STATE, 810 S.W. 2d 372, 380 (Tex. Crim. App. 1990).......... pg 8

People V. Buttter, 219 P. 3d 982 (Cal. 2009).......... pg 7

Pyle V. Kansas, 317 U.S. 213 (1942).......... pg

WATKINS V. STATE, 245 S.W. 3d 444, 455-56 (Tex. Crim. App. 2008).......... pg. 6

United States V. Bagley, 473 U.S. 667 (1985).......... pg.

United State V. Dougherty, 473 F. 2d 1113 (D.C. Cir. 1972).......... pg 7

United State V. Gonzales-Lopez, 548 U.S. 140, 150 (2006).......... pg. 4

**Statues And Constitutional Provisions"**

Texas Constitution Art I Section 10.......... pg. 5

United State Constitution Amendants 6/14.......... pg. 5    Texas Rules of Criminal Evidence.......... pg 9

Texas Penal Code (art) 37.02.......... pg 1/10    Texas Codes of Criminal Procedure Sart 20.20 - 21.19

Texas Codes and Statute Anotes 30.2.......... pg 1/3 9    Federal Reserver Criminal Procedure, Rule 16.......... pg 9



# Incident Report
# Office Of Sheriff Adrian Garcia

**13-141202**

Supplement No
ORIG

## Property

| Link | Involvement | Invi No | Name | | Race | Sex |
|------|-------------|---------|------|--|------|-----|
| SUS | ARR | 1 | ALFORD,WEYLIN WAYNE | | B | M |

DOB
02/04/1981

## Modus Operandi

| Gang Act? | Method of Entry | Point of Entry | Premise Type |
|-----------|-----------------|----------------|--------------|
| No | Broke glass | Nonmovable window | Residential-house to include driveway |

Crime Code(s)
Assaults

## Narrative

SCENE SUMMARY

The scene was a residential family dwelling located at 942 Fruitvale, a location in Harris County, TX. Fruitvale extends east and west. The residence is located on the north side of the roadway with the front door being located on the south side. The residence is a three bedrom, two bath with attached garage.

Upon entering the front door it leads into the foyer. On the floor of the foyer there was droplets of blood. To the right of the foyer there was a bedroom. On the floor of the bedroom there was a five gallon bucket laying on the floor. On the west wall there was a broken wndow with broken glass scattered about the floor and bed. *had to have been rewrote → whole statement*

Visibility was good due to daytime hours and artificial interior lighting.

NARRATIVE

On 10-12-13, (Deputy V. Ramirez, unit 41d34, was dispatched to 942 Fruitvale in reference to an Agg Assault.

Comments advised a black male with a gun had assaulted someone at the residence. Comments advised the suspect had left the location running down the street heading towards West Rd. *NO DISCRIPTON, NEVER heard 911 call* *Officer said Hand Gun*

Upon arrival I was met by homeowner Cheryl Roberson who stated her room mate's boyfriend Weylin Alford came over and broke out a window to her house and made entry. She stated he then attacked her room mate Audra Shannon. Ms. Roberson advised she told him she was calling the police at which time she ran next door to a neighbor's house to get help. Ms. Roberson advised she believed she saw him with a gun but she was not for sure. *→NEVER ENTER RESIDENCE to perform proper investeegation had to wait on Grand Jury*

I immediately began in-servicing the area for the suspect at which time I was flagged down by a witness who advised the male was at the Dollar General located at 10092 Veterans Memorial. I arrived at the Dollar General and observed the suspect walking through the parking lot. I-pulled up to him in a marked patrol vehicle and ordered him at gun point to lay down on the ground. The male failed to comply with my orders several times but eventually he complied. Deputy Lerma unit 41d26, made the location who assisted me in detaining the suspect in handcuffs. No gun was found. *→ NOT TRUE Check location CARMEA*

The suspect who was very belligerent was taken back over to the original scene where he was positively identified by both complainants *→ not there*

Complainant Shannon stated she and Alford have been dating for 1 yr. She stated she has recently move in with a friend at 942 Fruitvale and he is upset about it. She stated today he came over and wanted her to come outside. She refused to, so he began beating on the front door. Ms. Shannon stated after being denied entry, Alford picked up a five gallon bucket and threw it through the front window, causing it to break. She stated Alford then climbed inside the house and attacked her. She stated he began hitting her in the face with a closed fist which dazed her. She stated he hit several times which resulted her receiving a laceration to her upper lip, swelling around her entire face and several scratches about her neck and head. *→ How Did the person who Did this Report Rim?*

*If she refused that mean it hurt someone possibly not all about about the time* Ms. Shannon stated her roommate told him she was calling the police at which time he left running down the street heading towards West rd. Ms. Shannon stated she is now in extreme pain and discomfort and she wants to press charges. *If it Did hurt her how Did she All Get inside home* *How did the person who Did this Report Rim that She Did leave hospital til 10pm*

Ms. Shannon provided a written voluntary statement-see attached form.

Harris County EMS medic # 98 made the location who transported Ms. Shannon to Houston Northwest hospital for treatment.

*Setup Harris County Sheriff Dpt.*

| Report Officer | Printed At | Page 3 of 4 |
|----------------|------------|-------------|
| S15367/RAMIREZ JR, V. S. | 09/10/2014 14:49 | |

III

NOS. 1387013, 1404673, 1404710, 1415757, 1417819

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WEYLIN ALFORD, | § | 177th JUDICIAL DISTRICT |
| DEFENDANT | § | |

## Faretta Warnings
### Waiver of Court Appointed Counsel
### Court Findings and Order Allowing Defendant to Proceed Pro Se

If a defendant properly asserts his / her right to self-representation, then the record must show that he / she knowingly and intelligently waived his /her right to counsel after being made aware of the dangers and disadvantages of self-representation. See *Faretta v. California*, 422 U.S. 806, 835 (1975).

The defendant in the above cause has clearly and unequivocally invoked the right to represent himself / herself at trial.

The Court:

1) inquired as to the accused's age, background, education, and experience, including legal experience;

2) informed the accused that while he / she may waive the right to counsel and insist on self-representation, he / she may not obstruct the orderly procedure in the courts or interfere with the fair administration of justice. See *Webb v. State*, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976);

3) informed the accused of a) the general nature of the offense charged and the possible penalties; a) that there are technical rules of evidence and procedure with which he / she will be obligated to comply; b) that he / she will not be given special consideration because of his / her lack of legal training or legal experience; c) he / she has no right to standby counsel. See *Scarbrough v. State*, 777 S.W.2d 83, 88 (Tex. Crim. App. 1989).

4) informed the accused that because he / she is less likely to comply with the rules of evidence and procedure, he / she may be disadvantaged in trial and on appeal. See *Johnson v. State*, 760 S.W.2d 277 (Tex. Crim App. 1989)

## WAIVER OF RIGHT TO COUNSEL

The Court has advised me of my right to representation by counsel in the charges pending against me. The Court further advised me that if I were unable to afford counsel, an attorney would be appointed for me free of charge. Understanding my right to have counsel appointed for me free of charge if I am not financially able to employ counsel, I wish to waive that right. I further request the court to allow me proceed with my case without an attorney being appointed for me. Wishing to proceed *pro se*, I waive my right to counsel.

_09|19|14_
Date signed

_[signature]_
Defendant

## FINDINGS OF FACT

The Court FINDS that the defendant has sufficient age, background, education, and competency to understand the implications and dangers of self-representation.

The Court FINDS that defendant has been informed 1) of the general nature of the offense changed and the possible penalties if he / she is convicted of the offense; 2) that there are technical rules of evidence and procedure with which he will be obligated to comply; 3) that unfamiliarity with the technical rules of evidence and procedure may disadvantage him / her at trial and / or on appeal; 3) that he / she will not be given special consideration because of his / her lack of legal training or legal experience; 4) that he / she will not obstruct the orderly procedure in the courts or interfere with the fair administration of justice; and 5) he / she has no right to standby counsel. *See Birdwell v. State*, 10 S.W.3d 74, 78 (Tex. App. – Houston [14th Dist.] 1999, pet ref'd.).

## ORDER

Accordingly, the Court ORDERS defendant's motion to waive counsel GRANTED. Further, the Court ORDERS defendant's motion to proceed *pro se* GRANTED. *See Burgess v. State*, 816 S.W.2d 424, 428-29 (Tex. Crim. App. 1991).

_9/19/14_
Date signed

_[signature]_
Judge Presiding

Faretta Order
Page 2

X

| | |
|---|---|
| 3/4/2014 | Reset Upon Defense Request, 3/28/2014 09:00 AM DCM Comprehensive PreTrial Conference |
| 3/28/2014 | Defendant ALFORD, WEYLIN appeared with counsel AGUIRRE, JUAN JOSE. |
| 3/28/2014 | MOTION FILED: PSYCH EXAM COMPETENC |
| 3/28/2014 | ORDER: COMPETENCY EXAM GRANTED |
| 3/28/2014 | Reset Upon Defense Request, 5/14/2014 09:00 AM DCM Comprehensive PreTrial Conference |
| 4/23/2014 | MOTION FILED: PROSE-PRETRL HEARING |
| 4/23/2014 | MOTION FILED: PROSE-LIST WITNESSES |
| 4/23/2014 | MOTION FILED: PROSE-DISCLOSE AGRMN |
| 4/23/2014 | MOTION FILED: PROSE-PROHIBIT STMNT |
| 4/23/2014 | MOTION FILED: PROSE-DSCVRY GRD JRY |
| 4/23/2014 | MOTION FILED: PROSE-QUASH ENHNCMNT |
| 4/23/2014 | MOTION FILED: PROSE-SET ASIDE INDT |
| 4/23/2014 | MOTION FILED: PROSE-SUPPRESS EVID |
| 4/23/2014 | MOTION FILED: PROSE-WRITTEN RULE |
| 4/23/2014 | MOTION FILED: PROSE - REDUCE BAIL |
| 5/14/2014 | Defendant ALFORD, WEYLIN appeared with counsel AGUIRRE, JUAN JOSE. |
| 5/14/2014 | Reset Upon Defense Request, 9/03/2014 09:00 AM Pre-Trial Motions |
| 8/13/2014 | MOTION FILED: PRSE HYRID REPRESENT |
| 8/13/2014 | MOTION FILED: PRSE DISCVY&INSPECT |
| 8/13/2014 | MOTION FILED: PRSE IN LIMINE |
| 8/13/2014 | MOTION FILED: PRSE APPT INVEST |
| 9/3/2014 | Defendant ALFORD, WEYLIN appeared with counsel AGUIRRE, JUAN JOSE. |
| 9/3/2014 | ORDER: DF DISCOVERY |
| 9/3/2014 | Defendant ALFORD, WELIN WAYNE appeared in person with Counsel AGUIRRE, JUAN JOSE. Interpreter N/A M GILLIAM appeared for the State. Court Reporter: LINDA HACKER<br>Judge Presiding: PATRICK, RYAN KELLEY GOEB<br>At 9:44am the defendant was admonished about no extra time will be given if a new attorney is hired or if he represents himself, until 9:58 am. |
| 9/3/2014 | Reset By Court, 10/01/2014 09:00 AM Jury Trial |
| 9/19/2014 | Defendant ALFORD, WEYLIN appeared with counsel AGUIRRE, JUAN JOSE. |
| 9/19/2014 | MOTION FILED: PS DISM CRT APT ATTY |
| 9/19/2014 | ORDER: PS DISCOV/INSPECT GRNT&DENI |
| 9/19/2014 | ORDER: DENIED LIMINE PROSE |
| 9/19/2014 | ORDER: GRNTD DISCLS AGRMT DEAL P/S |



Ⅶ



| | |
|---|---|
| 10/1/2014 | Defendant ALFORD, WEYLIN appeared in person with Counsel AGUIRRE, JUAN JOSE stand by counsel, ALFORD, WEYLIN. Interpreter N/A MATTHEW GILLIAM appeared for the State. Court Reporter: LINDA HACKER Judge Presiding: PATRICK, RYAN KELLEY GOEB<br>At 10:47 a.m. court came to order; both sides announced ready for trial; a panel of 63 jurors was seated, welcomed, and admonished by the Court. At 11:30 a.m. the State began Voir dire examination until 11:59 a.m., thereafter the court took a break until 12:18 p.m.<br>Juror # 26 left during a break, both sides have no objection to go forward.<br>At 12:25 p.m. the Defendant waived Voir dire.<br>At 12:27 p.m. strikes were made until 12:52 p.m.<br>No objections from both sides.<br>A panel of 12 with 1 alternate was selected; thereafter the Court breaks for lunch until 2:04 p.m.<br>Juror # 8 was released from jury duty both sides had no objections; the alternate was placed on the panel.<br>At 1:03 p.m. outside the presence of the jury Court business taken up until 1:14 p.m.<br>At 2:04 p.m. jury impaneled and sworn in and the State read indictment to which the defendant pled NOT GUILTY.<br>At 2:05 p.m. the State began opening statement until 2:09 p.m., thereafter the defendant began opening statement until 2:09 p.m.<br>At 2:09 p.m. the State calls its 1st witness to the stand was sworn in and testimony began until 2:39 p.m.<br>At 2:40 p.m. the state calls its 2nd witness to the stand was sworn in and testimony began until 2:59 p.m.<br>At 2:59 p.m. the State calls its 3rd witness to the stand was sworn in and testimony began until 3:25 p.m.<br>At 3:26 p.m. the State rest, the Defense rest.<br>At 3:26 p.m. the Court took a break until 3:42 p.m.<br>At 3:39 p.m. Court took up Court business outside the presence of the jury until 3:41 p.m.<br>At 3:43 p.m. the court read the charge until 3:49 p.m.; thereafter the State waived right to close.<br>At 3:49 p.m. the defendant began closing argument until 3:50 p.m.<br>At 3:50 p.m. the State began closing arguments until 3:53 p.m.<br>At 3:53 p.m. deliberation began until 4:44 p.m., thereafter the jury and admonish, instructed to return to return 8:30 a.m. on 10-02-2014. |
| 10/1/2014 | Continued 9/19/2014 09:00 AM Other |
| 10/2/2014 | Defendant ALFORD, WEYLIN appeared with counsel AGUIRRE, JUAN JOSE. |
| 10/2/2014 | ORDER: GRNT TERMINAT SELF REPRESNT |
| 10/2/2014 | Defendant ALFORD, WEYLIN appeared in person with Counsel AGUIRRE, JUAN JOSE stand by counsel, ALFORD, WEYLIN. Interpreter N/A MATTHEW GILLIAM appeared for the State. Court Reporter: LINDA HACKER Judge Presiding: PATRICK, RYAN KELLEY GOEB<br>At 8:55 a.m. the jury began deliberating until 10:53 a.m.<br>At 10:51 a.m. outside presence of jurors Court business taken up the defendant was informed he would not be representing himself point forward, Attorney Juan Aguirre is attorney of record until 10:52 a.m.<br>At 10:53 a.m. the jury is seated and read back began until 10:55 a.m.<br>At 10:55 a.m. the jury returns to resume deliberation until 11:04 a.m.<br>At 11:04 a.m. the jury is seated and a verdict has been rendered guilty.<br>At 11:05 a.m. the State waved opening statement on punishment, thereafter the State calls its 1st witness to the state was sworn in and testimony began 11:23 a.m.<br>At 11:24 the State calls its 2nd witness to the state was sworn in and testimony began until 11:35 a. m.<br>At 11:35 a.m. the State calls its 3rd witness to the state was sworn in and testimony began until 11:44 a.m., thereafter the Court took a break until 12:04 p.m.<br>At 12:02 p.m. the Court took up Court business outside the presence of the jury until 12:04 p.m.<br>At 12:05 p.m. the jury reseated and the State recalls a witness to the stand until 12:09 p.m.<br>At 12:09 p.m. the State calls its 4the witness to the stand was sworn prior and testimony began until 12:21 p.m. → (check vo 1b)<br>At 12:22 p.m. the State arraigned the defendant on the extraneous and the defend ant pled TRUE. NotDone →<br>At 12:24 p.m. the State recalls a witness to the stand and testimony resumed until 12:38 p.m.<br>At 12:38 p.m. the Court took a break until 1:29 P.M., thereafter the Court took lunch break until 2:38 p.m.<br>At 1:23 p.m. the Court took up Court business until 1:28 p.m.<br>At 2:40 p.m. the jury is reseated and the State calls its 5th witness to the stand was sworn in and testimony began until 3:04 p.m.<br>At 3:04 p.m. the Court took a break until 3:10 p.m. |
| 10/2/2014 | Jury Conviction And Sentenced 10/06/2014 09:00 AM Other |
| 10/6/2014 | Defendant ALFORD, WEYLIN appeared with counsel AGUIRRE, JUAN JOSE. |
| 10/6/2014 | Appeal BOND SET AT $0<br>NOTES : NOTICE OF APPEAL FILED |
| 10/6/2014 | ORDER: PREP STMT FACT APPEAL GRNTD |
| 10/6/2014 | Notice of Appeal Filed |
| 10/7/2014 | Assigned to 1st Court of Appeals |



VII

## Statement of The Case

The Harris County District Attorney's office Allegedly charged Weylin W. Alford ("Appellant") by indictment on Jan 9, 14 by (so call) Harris County Grand Jury for Burglary of A Habitation A second Degree that should of been A 3rd Degree Breaking And Entering (If Any) Later; the Appellant was Alleged to have been found with A Shank in Holdover cell outside courtroom...

More so; A Deputy Sheriff by the name of Victor Rameirez (arresting officer) testified that He responsed to call initially thought to be An Agg Assault at A 942 Fruitvale Houston Tx only Description given was Blackmale with gun, No pants; Color; Height/weight, No Hair color, No Dispatched was ever produced (Nor) Police Report [Check Reporter Record vol 5 p13 lines 23-25] then [Reporter Record vol 5 p. 25-28 (mainly) pg 26 line 2-19 Corresponding with pg 28] then, [pg 29-33] in violation of Texas Penal Codes Sec 37.02 Perjury. Later; A group of witness was produced And the Record will Reflect that in same time, Deputy Rameirez notonly committed Perjury on stand but Admitted that the vitem was Not the Home owner but the one who complained...

Also; Pursueing Texas Statues and Codes Annotated Section 30.2 (Burglary of A Habitation) No cases should be prosecuted unless the Homeowner of the Habitation that's specified in the indictment has either shown of proof of ownership Through, Title over habitation; Keys; and/or contract with owner (Renting) or when Trial Court shows proof the person specified in indictment have more Right to ownership than Defendant. [Check Reporter Record vol 5 pg 16 line 3-16] Arresting officer testimony (Then) [Check Reporter Record vol 5 pg 37-39 lines 3-25 (mainly) lines 9-17]... As will see in more Detail intra (later; in this brief) know like ; Mc Glen Youngblood Andres brief] Not frivolous (Also) if [Check Response brief to that very same brief (Andres)] This court should Concluded I Appellant was wrongfully prosecuted un/according to Federal Government Law; not to mention, The Denial of my Right of self Representation After Granted (Then) taken And Appointed Attorney (Standby) force upon me/Appellant After the Dismissal of that same court Appointed Counsel... Defendant/Appellant was sentence 30 yrs in Texas Department of Criminal Justice A timely Notice for Appeal was filed Oct 6 2014... Appellant will be asking for This Petition Discretionary Review under the Denial of my Right of self Representation in an Abrusement of Discretion (Trial Court) Also The Abrusement of Discretion on state Prosecutor Behalf for; Non-Suppression of Exculpatory Evidence / unknown witnesses To be Considered/ Granted???

①

# Statement of Procedural History/Facts

After, A timely Notice of Appeal was filied by the Appellant and certified by the Trial Court on October 6, 2014... A Post-judgement motions was filied October 23, 2014 to you all (Court of Criminal Appeals pursuant Art 11.07 of Texas Codes of Criminal Procdure... Later, upon the month of February 1 2015... The 11.07 (Habeas Corpus) was Dismiss & Conviction Not final because of Non-extuation of low-level Court; State level Remidys.... On Aug. 18, 2015 A Panel was assembled of three Justices & Keyes; Lloyd; Huddle IN the Court of Appeal First District of Texas where Appellant/Defoud-Ant Conviction was Affirmed Aug 25, 2015 (Next) Amotion for Rehearing was Also Requested... Sept. 14, 2015 (Deined) where a New Date was given for a time extension inorder to file This Petitionfor Discretionary Reveiw...........

The Appellant has demonstrated a preference for representing Himself during Criminal trails, Not only has the Appellant sought to represent Himself in a 2012 casewhich was Reversed on Appeal by the Fourteenth Court of Appeals, as well as in another case tried before the same court as the present case???... In this case, however the Trial Court took the Appellant's Request for Pro se Representation, in the punishment Faze... The Trial Court's Reasoning for this was that the Appellant was caught in a holdover cell with A (Alledged) shank at some point in time prior to trial... Understandably, the trial Court believed that the Appellant presented A Security and Safety Risk... Less understandably, the trial Court cited this as the Reason why the Appellant would be forced to Accepted Representation by An already Dismissed Appointed Attorney??? Although the Trial Court may have well intentioned, the Decision to Deny the Appellant his Constitutional Right to Pro se Representation on the basis of a security concern has No basis in Law and thus Constitues An Abuse of Discretion on the part of the trial Court... Had the Trial Court Allowed the Appellant to Represent Himself, but Employed Added security measures to prevent any courtroom Disruptions the Trial Court would have been Acting within it's sound Discretion... But by out right Denying the Appellant his Constitutional Right, the Trial Court committed Structural Error that's Not subject to harmless Error Analysis And Requires Automatic Reversal........

In Addition Appellant Second Argument Consisted Arounnd the Theory of "Insufficent Evidence" and that by a perjuried testimony by Arresting officer/ complaint/ Homeowner, unknown witness As well as, Exculpatory Evidence was product that was sought to be at both crime scene and Arresting location not to mention from lack of time Frame from, the time Dispatch call was timed, off perjuried testiomy from Arresting officer (Not) showing All secrs of events inside the crime Itself. The crime location could Not have

BEEN Enter for the investergation for state Attorney only Eidence (photos) of Exhibit 1-10 photos inside and outside habition where crime was said to have happen ooooooooooo

More so; Because of no memorandum (which asked for by Prose/Defendant in Pre-Trial Hearing (Grand Jury) Prosecutor Also, Abuse It's Discretion in not Allow Defendant/Prose his Constutional Right of suppression of All witness) Exculpatory eidence in timely Fashion before Trial which was; Because lack of Memorandum ~~Exculpatory in timely Fashion before Trial which was~~ proveing Actual Grand Jury Existed for the production of If not warrant to perform proper investergation for ~~the production of If not warrant to perform~~ scence of crime because the Real Homeowner was not speicified in indictment pursuding Texas Statues Codes And Annotes 302. Burglary Habition As stated no case should be prosecuted unless proof of ownership to Habition is support By Title, Keys, contract, etc ooo (Complaint; show none) So this case quailty for Great Ground for Acquittal and Appellant should be released from his present Custody, oooooooooo



# Argument #1

Ground #1; Sole Issue #1: The trial Court abused its Discretion in denying the Appellant's timely and unequivocal Request to Represent himself; because of, fear of potential Disruption or security Concerns: that is not a Recognized basis for the Denial of this Constitutional Right....

The Appellant has Repeatedly sought to Represent Himself in multiple Criminal Cases including the current case before... As will be Explored in more Detail infra, both trial Courts in Harris County and the Court of Appeals for the First District of Texas and also, the Fourteenth Court of Appeals have weighed in on the Appellant's Right to self-Representation... In prior judicial Proceedings, the Appellant's Competency has never been in Doubt. The question before this Court is whether A trial Court may Deny the Appellant his Right to self-Representation based on A perceived Security Risk.??? The Denial of A Defendant's Right To self-Representation is Reviewed for an Abuse of Discretion and Is not subject to Harmless Error Review: On Appellate Review A trial Court's Ruling on A defendant's Decision to waive Assistance of Counsel (is) [Check; Report Record vol. 2 pg 12-16] Pretrial Hearing; Examined for an Abuse of Discretion... Chadwick v. State, 309 S.W. 3d 558 (Tex. Crim. App. 2010). Under this standard, A trial Court's Ruling is Afforded Almost total Deference, Evidence isn't Viewed in the light most favorable to the trial Court's Ruling, this Court (Court of Criminal Appeal) Must imply and findings of fact Supported by the Evidence and Necessary to support the Trial Judge's ruling when No Explicit findings have been Made?? The Right to self-Representation is in a Rarified class of Constitutional Rights which cannot be subject to harmless Error Analysis... See McKaskle v. Wiggins, 465 U.S. 168, 177 N. 8 (1984) "Since the Right of self-Representation is a Right that when Exercised usually increases the likelihood of A trial outcome unfavorable to the defendant, it's denial is not Amenable to "Harmless Error" Analysis... The Right is Either Respected or Denied... Therefore Any Erroneous deprivation of A Defendant's Right to self Representation qualifies as grounds for an Automatic Reversal... See United States V. Gonzalez-Lopez, 548 U.S. 140, 150 (2006) Describing the Erroneous Deprivation of A Defendant's Right to Counsel of Choice's qualifies As ("Structural Error").............

An Accused's Right's To self Representation Attaches Once It Has Been Clearly and unequivocally Asserted Any Time Prior To the Jury's Empaneling..... The United States Supreme Court has Recognized that the Federal Constitution's Sixth Amendment Confers An Independent Constitutional Right For A Person Accused of Crime to Conduct their own Defense and Proceed Prose through Criminal litigation... Faretta V. California,

422. U.S 806, 819 (1975) The Court explained that "the Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right has been extended to the states through the fourteenth Amendment. In addition The Texas Constitution recognizes the same right, and the Code of Criminal Procedure permits a defendant to waive his right to counsel and represent himself. Tex. Const. Art. I, § 10; Tex. Code. Crim. Proc. Art. 1.05 1(f) [Check Reporter Record vol. 2, pg 12-16] then; [Reporter Record vol. 3, pg 4-33 pg 29 line 18-25 (then) pg 30 line (1)]......... First, a defendant's decision to represent himself must be made "knowingly and intelligently. Faretta, 422 U.S. at 835; Collier v. State, 959 S.W. 2d 621-625-26 (Tex. Crim. App. 1997) ("The decision to proceed pro se is made "knowingly and intelligently" if it is made with a full understanding of the right to counsel, which is being abandoned, as well as the dangers and disadvantages of self-representation")........... Although some context is necessary to understand the trial Court's ruling on the Appellant's request to represent himself; But in the Appellant's Faretta Hearing where the Appellate's ability to represent himself was assessed. Judge Ryan Patrick who presided over the Appellant's trial, made written finding of fact that (the defendant has sufficient age, background, education, and competency to understand the implications and dangers of self-representation). Further, the trial Court granted the Appellant's motion to proceed pro se in that Faretta Hearing (then); Denied (that) right and forced standby Counsel upon Appellant (even) after filing of Dismissal of Court appoint Attorney on Judge behalf and Appellant behalf (check vol 3. Faretta Hearing pg 29 line 18-25 (then) pg 30 also; (check vol. 3 Faretta Hearing pg 31-32) violation of 14th and 6th Amend U.S. Constitution. Last (check vol 1 pg 112 and pg 114 and included Appendix "A")... In addition in this case, The Trial Court explained to me/Appellant that My right to self-representation had been revoked; because a shank was found in the Holdover cell by one of the trial Court bailiff. Later Appellant (standby) was forced to complete trial, However, the Appellant Denied the Appellant Request (Pro Se) even when He/Appellant try to explain to standby; He (standby) made no objection off the bailiff more allegation... The Appellant unequivocally invoked his desire to represent himself at the Trial outset of the proceedings and did not vacillate from this request... The Request was timely as it was made prior to the Jury Empaneling. Blankenship, 673 S.W. 2d at 585. The Trial Court explained that it would not allow the Appellant to represent himself in the Punishment Faze (because) of security reason. It is not aparent from the Record that the Appellant's desire to represent himself was rooted in a quest to delay or disrupt the proceeding... The trial Court's concern stemmed from the bailiff's discovery of a shank in the Court's Holdover cell. It seems that the Appellant's carrying of the shank into the courtroom is the inability to display proper court decorum

Decorum that the trial Court was concerned with, As there is no indication in the Record of other behaviors that the Appellant Displayed that would have been unacceptable in open Court??? The Denial of the Right of self representation Due to a Perceived Security issues is not a viable basis for the Trials Court Ruling and Constitutes AN Abuse of Discretion..... (Check Reporter Record vol. 3 pg 2-55)...... The Trial Court Explained that it would Not allow the Appellant to Represent himself (in Punishment Faze) Statements made by the Trial Court Explain in his Decision includes "I am not Comfortable with allowing you to Represent yourself because you would potentially have more what are called weapons of Convenience At your Disposal And you were not able to conduct yourself in what I believe" was a proper way in the Courtroom in trial (Check vol 6 p 6-8, Punishment Faze)... There do not appear to be any Texas Cases that Have Addressed whether A trial Court can Deny A Defendant his Right to self representation (Even in Punishment Faze) based purely on security Concerns Keep in mind the 6th Amend U.S Constitution Right allow ANY Accused the Right to Conducted their own Clenses (Even in the Punishment Faze). However, this issue has been Addressed in the appellate Courts of other states and at federal level. The overwhelming Consensus from the decisions in other states is that Even in Face of legitimate Security Concerns A Defendant Cannot be Deinied his Right to self-Representation. Rather than totally Deny A Defendant this Right, Trial Courts are permitted great leeway in taking Added And some time Extreme measures to Ensure A secure Courtroom when Defendant who chooses to Represent themselves poses A potential safty risk Such add security measures will not be grounds for Reversal, but the Complete Denial of the Right to self Representation is Great Grounds for Reversal and the Granting of this Petition for Discretionary Review.... The Fourteenth Court of Appeals Has Previously Held that This Appellant was Improperly Denied His Right to self Representation... The Appellant has previously Asserted and exercised this Right to self-Representation, As noted supra And Evidenced by (Appendix "A"; included) the Trial Court had Admonished the Appellant, Conducted A Faretta Hearing And ordered that the Appellant be permitted to Represent himself in a Criminal Case, (But) In addition, the Fourteenth Court of Appeals has previously Held that this very Appellant was improperly Denied the Right to Represent Himself At trial in an unrelated Criminal Case occurred several year prior to the Present Case. See; Alford v. State, 367 S.W. 3d 855 (Tex. App. Houston [14th Dist.] pet. ref'd)..... This Court has within its Discretion the power to take judicial Notice of "Adjudicative facts for the first time on Appeal... See WATKINS v. STATE, 245 S.W. 3d 444, 455-56 (Tex. Crim. App. 2008) "[T]he question of whether AN Appellate Court should take judicial Notice of AN Adjudicate fact when the underlying Data or materials in support of that notice Are presented for the first time in that Court should

6

be a matter of the Appellate Court's discretion, never mandatory."); Jacobs v. State, 294 S.W. 3d 192, 196 (Tex. App.Tex.ARKANA 2009, pet. ref'd)...With this power in mind, and under the unique circumstances of the presence of a prior Opinion from the Fourteenth Court of Appeals on a substantially similar issue involving the same Appellant, Alford, 367 S.W. 3d At 857-862... See, in this case Appellant Explore It's capacity to waive his Right to Appointed Counsel... Martin v. State, 630 S.W. 2d 952, 954 (Tex.Crim. App. 1982)... The Appellant would ask this Court (Court of Criminal Appeals) to notice of the following facts; ("Total Deference, Evidence) in lightenment of prior case-vs- present case... The Appellant never Requested for Assistance of Appointed Counsel???... Combined with the fact that Judge Patrick Had previously made written findings that the Appellant "has sufficient age, background /Etc... It is fair to say that Appellant has consciously and voluntarily waived his Right to Representation by Appointed Counsel though this present Case... Johnson v. State, 760 S.W. 2d 277, 278 (Tex.Crim.App.1988).... In People v. Butler, 219 P.3d 982 (Cal.2009), the California Supreme Court Reviewed the Death penalty conviction of A Defendant who Had sought to Represent Himself At trial, But Had the Right to self-Representation Revoked After it had been initially Allowed by the Trial Court... The behavior of the defendant in Butler is Highly Analogous to the Appellant's behavior in the present case that the trial Court relied on to Deny the Self-Representation Request... The California Supreme Court High lighted that Defendant "was repeatedly Discovered with weapons... On Occasion, he Concealed A Shank in his Rectum, just before he was to be taken to the Courtroom".... Ultimately, the Majority in Butler held that the Trial Court erred in Revoking the Appellant's Right to Self Representation and Reversed the Defendant's convictions on these Same Ground.... In United States v. Dougherty, 473 F.2d 1113 (D.C.Cir.1972), the Court Evaluated the Denial of A Request of Seven (7) Defendants tried together in A Consolidated proceeding to represent themselves. The trial Court Had Denied the Request of the Defendants to Represent themselve on the basis that "there have been Rumors that maybe some Disruptive tactics are going to be Employed, and indeed, there were some Disruptions During the trial, with the Defendants and other protestors, shouting About the Vietnam War, and one Defendant physically fighting with U.S. Marshalls who Had been stationed in the courtroom... Never the less; the D.C. Circuit Reversed the Convictions of the Defendants on the grounds that their Right to self-Representation Had been violated... Later; Disruptions in Court by the Defendants Could not serve to boot strap the Trial Court's preemptived Denial of the Right... ("This is Like using the fruit of An Un Reasonable search to provide a Cause making the Search Reasonable);oooooooo.

By Acting without Reference to the Controlling Law And guiding legal principles, the trial Court Abused its Discretion. SEE Montgomery v. State, 810 S.W. 2d 372, 380 (Tex. Crim. App. 1990) [Abuse of Discretion] is question of wheather the Court Acted without Reference to Any guiding Rules And principles.) (quoting Downer v. Aquamarine Operator, Inc., 701 SW 2d 238, 241-42 (Tex. 1985) while the trial Court would have been well within it's Discretion to impose significant Restraints on the Appellant's trial such as restricting his movement or barring him from participating in bench or chamber Conferences to Address security Concerns a total Denial of the Request for self Representation is a bridge too far.

No Doubt, the trial Court was well Intentioned in Attempting to maintain a secure and safe courtroom During the Appellant's Trial. But the fact Remains that the Appellant was Denied A Constitutional Right on A basis Not Recognized in Law and it is for this Reason that this Court should Hold the Trial Court Committed Error, Abused it's Discretion, And Remand the Case for A New Trial. See Batchelor v. Cain, 682 F 3d 400, 405 (5th Cir. 2012) ("The denial of the Right to Self-Representation Constitutes A structural Error that is not subject to harmless Error Review And instead Requires Automatic Grounds of Reversal"). For This Petition for Discretionary Review.

Ground #2; Sole Issue #2: Insufficient Evidence: The State's Attorney Abused it Discretion in not allowing in a timely fashion the suppression of All witness) Exculpatory Evident; who Alledged to be At both Scene of the Crime And Arresting location Due to Non-production of A Dispatch call; C.A.F.M.A. At Arresting location Due to Non testing of blood sample found At Scene of crime [VIEW ALL] Exhibits] only photos, which Also lack of Police Report; (who) would have provide change of series of incidents from; the time of Breaking Entry to Arresting location (Timeline) which lead to falsified indictment; ON Grand Jury behalf; Not Real Home owner; Insufficient Evidence For person specified indictment pursuanting Texas Codes of Annotens And Statues (Sec) 30.2 Burglary Habition ooooooooooo At one time The Supreme Court proposed AN Amendment to Rule 16 (Federal. R. Criminal. P) that would have Required the government to provide Advance Disclosure of Names, Addressess And prior Statements of witness even evident on every level; The Reasoning behind the Amendment was that Disclosure of witness name and statements is necessary. So that Defense Counsel can prepare Adequately to cross-examine witness And test their crediability. The Department of Justice vigrously opposed; the Amendment was NEVER Adopted. It seem that the problem was securing the Cooperation of Civilian witnesses who don't want to get involved without putting them in a Situation in which, Months before trial, they become subject to such Degradation or Habrassment ooo Alternatively All Court's Federal or State would Recommend that in the Event witness Disclosure is to be permitted, Also that some burden be placed on the Party Seeking Disclosure to show A Reasonable Need for the information Sought ooooo

More so; In Brady v. Maryland, 373 U.S 83 The Supreme Court has Established that, above and Beyond the (Minimal) obligation imposed by Discovery Rules; the Prosecution has a Constitutional Duty to Disclose certain Exculpatory information to the Defendant in Advance of Trial oo The Nature of the information Required to be Disclosed and the scope of the prosecutor obligation (such As) [Check Reporter Record pg 0-93 vol. 5] Questioning by State's Attorney; Appellant Praise of Arresting Officer, Etc oooo Also; The Record Reflects missing Dispatch call; police Report which should've provide exactly Discription of Suspected And Unknown witness that Suppose to have [All] been At Arresting location As well As Scene of Crime [Check Reporter Record vol.5 pg 20-36] which Also in Exhibits [Check Reporter Record vol.7 pg 13/14] production of photos; Blood Sample (photos only) Non tested on Arresting officer behalf who would have prove who Actually Enter Habition through point of Entry [Exhibits # 2 vol.7 pg 6/7] A window where glass was broken All the way through oo There should ve Atleast been some type of Cuts; bruises; Scratches; ON body proving who was Actually Suspected; If

Not blood of Supect in side scene of crime... United States V. Bagley, 473 U.S. 667 (1985) [Supression Evidence] is Material only if there is are Reasonable probability that, had the Evidence been disclosed to the Defense the Result of the proceeding would have been Different?? A Reasonable probability is a probability sufficient to undermine Confidence in the outcome... This Court will Also Reveal (The Record Reflecting) that Due to the question of All witness that in [Reporter Record vol.5 pg 25-28] Arresting officer was in violation of Texas Penal Code Sec. 3702 Perjury (Next) [Check Reporter Records vol.5 pg 28 lines 19-25] then [Vol.5 pg 29 line 1-24] Also The Record Reflecting Arresting location (Northwest & Dollar General & Vetenas Memorial) where location provides Carmea of whole incident B The who's; what's; why's; where's; when's; times/Dates) That Day October 12, is 11am and show that Arresting officer Also not properly perform Job Description Inside His Capacity... (proper investergation) Insufficient Evidence; Business location Carema Also missing Disptach Call; (time And Description of Suspected) Also non ad miss it But to Police Report, which should proves All series of incident inside the crime Itself Also (that) the only Description was, A Black Male with Gun (Poilce Report include ed)... Last; unknown witness [Check Reporter Record vol 5 pg 36-59 and pg 47 line 12-15] Home owner (Mrs Cheryl Roberson) mainly (More Detail) [Reporter Record vol 5 pg 52-59] Not to mention Another violation of Texas Penal Code Sec. 3702 Perjury; on Home ower behalf; [Check Reporter Record vol 5 pg 58 lines 2-18] Corresponding with the violation itself [Vol 5 pg 59 lines 6 and 7] Mrs. Cheryl Roberson A) (lines 6 or 7) You Had No conversation with My Son-in-law... You was lying on the Ground" Also in Relation to the Arresting officer testimony on [Vol 5 pg 32 line 1-23] Another unknown Hispanic lady neighboors to Home ower (Cheryl Roberson) who surpose to have Eyewitness suspect At Washateria (still No Description; or Dispatch call proving that) Defendant Running to Arresting location As well as (Carmea) not to mention Another Black male found [vol 5 pg 28 line 19-25 (then) pg 29 line 1-7]... Before Reaching the question of what choices should be Available to those Responsible for charging Suspects with Criminal Offenses, it is Necessary to focus on the police? Generally, officials; who have the ultimate Responsibity for charging Decisions do not them selves investigate Criminal Conduct... The Job of investigation in ordinary left to the police. Obviously then, If the poilce Do not turn information over to the charging offical, it is unlikely that those officials will have Any Real choices to make... More so; The first level of screening maybe A choice s off unknow witness who prosecutor probably spoke with And Appellant) Pro Se Never had A chance to sup press; not to mention the police was surpose to Arrest Every suspect who they Reasonable be lieved

⑩

committed the crime... Although a decision to make an arrest must be reviewed by an impartial Magistrate, either before or after the arrest is made, a decision not to arrest is essentially unreviewable...... While discretion runs through the criminal justice system, it is the discretionary decisions made by the prosecutor that have the most impact... Although the discretion given to the legislature, to the police, and to prison officials is broad and immensely important the prosecutor plays the pivotal role in criminal justice process... (Where) Under Article 1 Section 10 of Texas Constitution which provides for a right to have a Grand Jury address weather the evidence's/witness, Etc... before it establishes probable cause to believe the accused committed the offense... A prosecutors decision whether to charge a suspect with a crime is of a different character than the officer's decision weather to arrest. While the officer usually must make an on-the-spot decision, the prosecutor has time, a fuller knowledge of the facts and the opportunity to consult with colleagues... The consequences of decision to charge are far greater than those of the decision to arrest... More so; Understanding certain precaution on arresting officer behalf; Deputy Ramirez (He) testified not once but twice [check Reporter Record vol.5 pg 20 (mainly) line 19-25] and [Police Report included] that after speaking to both Homeowner/victim; He immediatly search the area until stop by unknown witness (later) to be found out Neighbor to Homeowner [Reporter Records vol.5 pg 21 lines 1-18) Directed Him to area [Dollar General] Places of Bussiness where a camera should product visual & who's; what's; when's; where's; times; date's | Etc... Also (not to mention) missing evident (also as stated early ler g unknown wittness) Now; pursuing Texas Rules of Criminal Evidence (Rule 401; Relevant evident) Then Rule 403 (b) other crimes wrongs or Acts... Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that acts in conformity therewith It may, however be admissible for other purposes such as proof of motive opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, provided upon timely request by the accused reasonable notice is given in advance of trial... Over all; After showing through Reporter Record | Police Report | other wittness | missing wittness Evidence at arresting location (camera) Prove Arresting officer never had time to go inside or went inside the Residence of the crime itself to take photos. Exhibits 2; 3; 4 (which; was said to be outside) these Exhibits 6; 5; 7; 8 which was only one that could have been tooken that day (Oct. 12, 2013) mainly because Exhibits 2; 3; 4; 9; 10 where all tooken inside Residence even no finger print of bucket use to piont of entry... How so????? If He arresting officer (as; testified Reporter Record vol.5 pg 20 (mainly) lines 19-25) then (Police

Report); Left to searching for suspect (No Description; No time frameing) from not one but two different statement (Altogether); Three Different people (State Attorney witness) not to mention no statements from other unknown witness, Arresting officer Had Knowledge of.... Now; In Relation to the inevitable Discovery Rule Because Deputy Ramirez Enter Residence That Day Oct. 12, 2013 He; Deputy; must of waited on warrant from Magistarate/Grand Jury ... Last; Police Report show no timeing for series of incident nor could Arresting officer show while being questioned ??? Off perjured Testimony ???

The Supreme Court has established that, Above and beyond the Minimal Obligations imposed by Discovery Rules; The prosecution Has A Constitutional Duty to Disclose certains Exculpatory information to the Defendant in Advance of Trial; The Nature of the information Requirement to be disclosed, And the Scope of the Prosecuter's Obligation; The first case Establishing A prosecutor's Constitutional Obligations in the Discovery process was Mooney v. Holohan, 294 U.S. 103 (1935) The Defendant sought Habeas Corpus Relief claiming "that the sole basis of his conviction was A perjured testimony, which was knowingly used by prosecuting authorities in order to obtain that conviction and Also that the prosecution knowingly suppessed evidence that the Defense could have used to impeach the perjured testimony" A Deliberate Deception of Court And Grand Jury by the Presentation of testimony known to be Perjured, violated the Due process clause If Government Engages in ..... Seven Year later, in Pyle v. Kansas, 317 U.S. 213 (1942) A Habeas petitioner charged the Prosecution with knowing use of Perjured testimony And the deliberate suppression of evidence favorable to the defense by threats made to witnesses... The Court cited Mooney And Held that that the "Allegations ***, if proven, would Entitle petitioner to Release from His present Custody..... More So; This case log is Also Highly Analogous to the Appellant's ...... In 1963, the Court decided one of its most important Disclosure case, Brady v. Maryland, 373 U.S. 83 Brady And A companion, Boblit, were charged with first Degree Murder A Capital Offense. Brady was tried first; He Admitted participation in the crime but claimed that Boblit Did the Actual Killing... Prior to trial Brady's Lawyer Asked the prosecutor to Allow Him to See Boblit's statements. Several statements were shown to Counsel, but one in which Boblit Admitted the Homicide was Not Revealed. The Defense Didn't learn About that statement until After Brady's Conviction And Death Sentence were Affirmed. Brady's state court post conviction claim produced A victory in the Maryland Court of Appeals. Since Brady Admitted participation, the victory Resulted only in A Resentencing. The Supreme Court Affirmed; IF MADE Available, would tend to Exculpate him or Reduce the Penalty

(12)

Helps shape a trial that bears heavily on the Defendant. Thats casts the prosecuter in the Role of an Architect of a proceeding that Does Not Comport with Standards of Justice XXXX Through out; This Petition for Discretionary I/Appellant have Reveal Along with (states witness) perjured testimony from All Three witness As stated in cases (such as); Mooney v. Holo-han, 294 U.S 103 (1935) And Alcorta v. Texas, 355 U.S 28 (1957) That's First because of Non-proper investigation on Arresting Officer Behalf; Then; Certain Exculpatory Evidence/witness (unknown) s that was or wasnt given Example, only photos from (so call) item guse by suspect (No Actual item) which All should have been in courtroom for proper suppression of Evidence under Brady v. Maryland, 373 U.S 83 not to mention; unknown witness; Non testing of Blood sample And missing carphea from Arresting location which would have proved All whos; whens; whats; wheres; Hows; times; And Date for series of incident/events inside the crime Itself.

The Whole process of the courtroom Proceeding According to Federal Government Law (First) The Texas Constitution (Bill of Rights) Then; the United State Constitution Under the State of the Union was violated Not Allowing And Accused/Defendant A Fair chance According to that same Federal Government Law; Suppression of Any Exp Exculpatory/witness/Etc... (before Trial) Quality As Automatic Ground for Reversal Under Brady v. Maryland, 373 U.S On prosecution Behalf... But Not to mention Under cates (such as) Mooney v Holohan, 294 U.S 103 (1935) And Alcorta v. Texas, 355 US 28 (1957) where a false/perjured testimony guality As Great Ground for Acquittial Along with the Abbuse of Discretion of Trial court Behalf; (For); The Denial of Right of Self Representation (which); are Also Great Grounds for Reversal...

Appellant/Defendant Should have Never been prosecuted on charges for Buglary of Habbition And Should be If Not Acquitted; Remanded back for New Trial...

## Prayer

Weylin W. Alford Asks This Court to Either Acquitted or Reverse the Judgment of Affirmation for Bur-glary of Habbition And or Grant This Petition for Discretionary Review Either for Acquitta or to be Remanded back for New Trial...

Respectfully Submitted,
Weylin W. Alford
Pro se/Appellant

## Certification

I Weylin W. Alford certify that This is true And correct from Appellant/Pro se ~~December~~ May 5, 2016 And filed
(13)
Weylin W. Alford
Weylin W. Alford TDCJ# 1980499



In The

# Court of Appeals

For The

## First District of Texas

---

## NO. 01-14-00822-CR

---

**WEYLIN ALFORD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1404673**

---

## MEMORANDUM OPINION

A jury convicted appellant Weylin Alford of the felony offense of burglary of a habitation with intent to commit assault. *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011). After finding an enhancement paragraph to be true, the

jury assessed appellant's punishment at thirty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. *See id.* § 12.42(b) (West Supp. 2014). Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

In his pro se response, appellant argues, among other things, that the evidence is insufficient to support his conviction, he received ineffective assistance of counsel, the State failed to disclose evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 183 S. Ct. 1194 (1963) and the trial court abused its discretion when it denied several of appellant's pretrial motions and prevented him from introducing the police report into evidence. Appellant further contends that the trial court

2

violated his constitutional rights when it terminated appellant's self-representation and appointed counsel to represent him and ordered appellant shackled for the remainder of trial.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney Glenn J. Youngblood must immediately send appellant the

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

## PER CURIAM

Panel consists of Justices Keyes, Huddle, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).

4

WEYLIN ALFORD
CONNALLY UNIT - TDC# 1980499
899 FM 632
KENEDY, TX 78119

Court of Criminal Appeals
Supreme Court Bldg.
PO Box 12308
Austin, TX 78711
(Certified)

